UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 29 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

v.

**DANTE SHEFFIELD**, *et al.*,

**Defendants.**

Criminal Case No. 11-0213 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion filed by defendant Dante Sheffield to revoke the pre-trial detention order of a Magistrate Judge and to release the defendant to the High Intensity Supervision Program or, alternatively, to a District of Columbia half-way house with work release privileges. For the reasons set forth below, this motion is DENIED.

### I. BACKGROUND

Defendant Dante Sheffield, along with one other, was indicted on July 7, 2011 for one count of possession with intent to distribute 100 grams or more of phencyclidine ("PCP") in violation of 21 U.S.C. § 841(a)(1), an offense punishable by a statutory mandatory minimum term of imprisonment of five years and up to 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iv). At the government's request, a detention hearing was held on June 14, 2011, before Magistrate Judge Alan Kay, at which time the Magistrate Judge ordered the defendant held without bond pursuant to 18 U.S.C. § 3142(e). A detention memorandum was filed on June 17, 2011. ECF No. 7. Defendant thereafter filed a motion, on July 26, 2011, to set conditions of release and revoke the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b). Def.'s

1

Mot. for Review and Revocation of Detention Order, ECF No. 13. The government has filed a memorandum in opposition. Gov't Opp'n Mem., ECF No. 14. The Court held a hearing on the motion on July 29, 2011, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

## II. DISCUSSION

A motion under 18 U.S.C. § 3145(b) for review of a magistrate judge's detention order requires the Court promptly to examine *de novo* whether there are conditions of release that will reasonably assure the safety of any other person and the community. "The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons." *United States v. Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009); *see also United States v. Anderson*, 384 F. Supp. 2d 32, 33 (D.D.C. 2005); *United States v. Karni*, 298 F. Supp. 2d 129, 130 (D.D.C. 2004) (citing *United States v. Hudspeth*, 143 F. Supp. 2d 32, 35-36 (D.D.C. 2001)).

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character,

physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . .

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." *Id* § 3142(e).

As found by the grand jury, there is probable cause to believe that defendant possessed with intent to distribute 100 grams or more of PCP, in violation of the Controlled Substances Act, a felony that is punishable by at least five years and up to 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iv). Based on the government's proffer, the Court is satisfied that there is substantial evidence that at the time of his arrest on June 8, 2011, the defendant possessed about eight ounces of PCP, with a street value of approximately $15,000. According to the government, this amount of PCP is consistent with an amount only intended for distribution and not solely for personal use.

In describing the weight of the evidence against the defendant, the government proffers that officers from the Narcotics and Special Investigations Division ("NSID") of the

Metropolitan Police Department ("MPD") conducted a traffic stop on June 8, 2011, at approximately 8:40 p.m. Gov't Opp'n Mem., ECF No. 14, at 1. At that time, NSID officers were driving through the 2300 block of 11th Street, N.W., Washington, D.C. when they noticed the defendant walking with an unknown male. *Id.* The defendant was known as a PCP seller in that area. *Id.* The defendant and the male subsequently entered a nearby parked vehicle. *Id.* The officers followed. *Id.* While following the vehicle, the officers observed the driver of the vehicle (later identified as co-defendant Brande Johnson-Dudley) commit a traffic violation. *Id.* The officers pulled over the defendants' vehicle and asked the rear passenger and driver to roll down their windows. *Id.* When they did so, the officers smelled the odor of marijuana and asked everyone out of the vehicle. *Id.* During a search of the vehicle, officers found a bottle containing eight ounces of suspected PCP in the locked center console. *Id.* at 1-2. Although the car is owned by and registered to co-defendant Johnson-Dudley, defendant Sheffield stated that everything in the vehicle was his. *Id.* at 2. Both defendants were arrested and charged, on June 8, 2011, with Possession with Intent to Distribute PCP, in violation of 21 U.S.C. § 841(a)(1). *Id.* at 2.

In view of the felony drug charge against the defendant, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of any other person and the community," 18 U.S.C. § 3142(e), in determining whether defendant's continued detention is warranted. In attempting to rebut this presumption, defendant stresses, as part of his history and characteristics, his extensive ties to the community. He is a lifetime resident of the District of Columbia, and has family members in the area, including his nine children, six of whom apparently reside with the defendant. Def.'s Mot. for Review and Revocation of Detention Order, ECF No. 13, at 2.

The "history and characteristics of the [defendant]," also includes the defendant's prior criminal history. 18 U.S.C. § 3142(g)(3). As partially detailed in the Magistrate Judge's Detention Memorandum, defendant Sheffield is a repeat offender. The defendant has multiple recent convictions for Fleeing a Law Enforcement Officer (D.C., 2010), Attempted Robbery (D.C., 2008), Possession of Paraphernalia (MD, 2002), Possession of Marijuana (D.C., 2000), and most notably, PWID PCP, Carrying a Pistol without a License, and Escape (D.C., 2001). Because of the defendant's prior convictions, pursuant to 21 U.S.C. § 841(b)(1)(B)(iv), the defendant faces a potential sentence of ten years to life imprisonment, should the government decide to file an enhancement notice. Not only this criminal history but also the other three factors that the Court must consider in determining the appropriateness of pretrial detention speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and a potential sentence of at least five and up to 40 years' imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, while the defendant argues that he was not on probation, parole or pre-trial release at the time of the offense, he has a serious prior record, as detailed above. Moreover, the defendant's last period of probation or parole was revoked to incarceration, from which he was released in May 2011 – less than a month before he was arrested in this offense.

Finally, in considering the danger that the defendant's release would pose to any person or the community, the Court regards the fact that defendant has a prior conviction for escape and engaged in conduct resulting in revocation of his probation or parole as evidence that he would not be compliant with court orders while on release. This naturally increases the risk of danger posed by his release. In addition, according to the June 9, 2011, Pre-trial Services Report, the defendant had tested positive for PCP use in the prior thirty days. When these factors are

5

considered together, it is clear that Defendant cannot overcome the law's presumption against pretrial release.

Upon consideration of all of the evidence and the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in § 3142(c), the Court finds clear and convincing evidence that defendant's pretrial release would constitute an unreasonable danger to the community, and the Court finds clear and convincing evidence that no condition or combination of conditions can be imposed that would reasonably ensure the safety of the community were he to be released pending trial. Defendant has failed to rebut the presumption in favor of pretrial detention required by § 3142(e)(3)(A).

### III. CONCLUSION

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention, ECF No. 7, is hereby DENIED. In accordance with 18 U.S.C. § 3142(i), the Court hereby ORDERS that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

**SO ORDERED.**

DATED: JULY 29, 2011

BERYL A. HOWELL
United States District Judge