UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANTE SHEFFIELD,<br><br>Defendant. | Case No. 11-cr-213-BAH-1<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The defendant, Dante Sheffield, was convicted at trial of unlawful possession with intent to distribute 100 grams or more of PCP in 2011. Verdict Form at 1, ECF No. 68. The defendant now challenges his conviction on Sixth Amendment grounds, contending that his trial counsel was ineffective. *See* Def.'s Pro Se Supplemental Pleadings ("February 2014 Filing") at 2, ECF No. 123; Def.'s Amend. Pro Se Supplemental Pleadings Pursuant to Fed. R. Civ. P. 33 Alleging Ineffective [sic] of Counsel ("April 2014 Filing") at 1, ECF No 124. For the reasons set forth below, the defendant's request for relief is denied.

**I.  BACKGROUND**

The defendant was arrested, along with his co-defendant, Brande Dudley, on June 8, 2011, following a traffic stop. *See United States v. Sheffield*, 799 F. Supp. 2d 22, 25–26 (D.D.C. 2011).[1] During the traffic stop, a search of the car in which the defendant was a passenger revealed a lemon juice bottle containing approximately eight ounces of PCP. *See id.* at 26. The defendant stated, after he had been handcuffed, that "everything [in the car] is his, everything was his." *Id.* at 27 (alteration in original).

---

[1] A more fulsome discussion of the facts of the defendant's arrest can be found in this Court's opinion denying the defendant and his co-defendant's motions to suppress evidence. *See United States v. Sheffield*, 799 F. Supp. 2d at 25–27.

1

The defendant and his co-defendant, were subsequently indicted on one count of possession of PCP with intent to distribute more than 100 grams of PCP. *See* Indictment at 1, ECF No. 9. After entering a plea of not guilty, the defendant, through his appointed counsel, litigated motions to revoke the defendant's detention pending trial, ECF No. 13; four pre-trial motions to suppress statements and physical evidence, ECF Nos. 17, 18, 37, and 55; and two motions filed by the government to present evidence under Federal Rules of Evidence 404(b) and 609, ECF Nos. 19 and 49. Additionally, the defendant filed a "Pro Se Motion to Dismiss Case" independently of his counsel, ECF No. 43, which was denied as being "without merit," *see* Order at 1, ECF No. 53.

After a three-day trial, a jury convicted the defendant and acquitted his co-defendant. Verdict Form at 1–2. The defendant's counsel subsequently moved the Court to reconsider its decision allowing the admission of drug evidence seized from the car in which the defendant was a passenger, and moved the Court to require the government to submit the seized drug evidence to the Drug Enforcement Agency for additional testing. *See* Def.'s Mot. Reconsider Def.'s Mot. *In Limine* Exclude Drug Evidence at 1, ECF No. 72; Def.'s Mot. Test Drugs Not Submitted to DEA at 1, ECF No. 74. These post-trial motions were denied. Minute Order, December 20, 2011; *United States v. Sheffield*, 842 F. Supp. 2d 227, 228 (D.D.C. 2012).

On February 28, 2012, the defendant was sentenced to 230 months imprisonment, ninety-six months supervised release, and a $100.00 special assessment. Judgment, ECF No. 89. The defendant promptly noticed his appeal. Notice of Appeal, ECF No. 85. Nearly seven months later, the defendant, proceeding *pro se*, filed a "Motion to Reopen Preliminary Detention Hearing on 6/14/11 before the Hon. Magistrate Judge Alan Kay Based Upon Fraud on the Court (the "September 2012 Motion")," ECF No. 99.

In the September 2012 Motion, the defendant alleged that one of the officers who arrested him told the defendant's co-defendant that the officer "found marijuana butts in the ashtray" of the car in which the defendants were traveling. September 2012 Mot. at 1–2. The defendant alleged that this statement was false and "affected the integrity of the court proceeding." *Id.* The Court denied this motion under Federal Rule of Civil Procedure 62.1, since an appeal was already pending when the motion was filed. Minute Order, Sept. 5, 2012.

In January 2013, the D.C. Circuit held the defendant's appeal in abeyance pending "anticipated motion for a new trial" to be filed before this Court. Order at 1, ECF No. 100.[2] Instead of filing such a motion, the defendant filed a Motion for Appointment of Counsel, ECF No. 101, and a "Motion for Clarification Clarifying the Defendant's Motion to Reopen the Preliminary Detention Hearing On June 14, 2011, Before Alan Kay Based Upon Fraud Upon The Court's Filed Docket September 4, 2012," ECF No. 102. Those motions were subsequently denied. Order at 2, ECF No. 103. Construing the defendant's Motion for Clarification as a "renewal of his prior motion to reopen" his detention hearing, the Court determined that "[a]lthough the statements made regarding marijuana butts were later admitted to be incorrect, the Magistrate Judge's decision to detain the defendant pending trial was not based at all on this testimony." *Id.* Since the Motion for Clarification "is not complex and is . . . lacking in merit," the defendant's Motion to Appoint Counsel was also denied. *Id.* at 3.

At approximately the same time the defendant's motions docketed at ECF Numbers 101 and 102 were being considered by this Court, the defendant filed three different motions for relief with the D.C. Circuit: a "Motion for a New Trial Based Up [sic] Newly Discovered Evidence" (the "New Trial Motion"), ECF No. 105; a Motion for Appointment of Counsel, ECF

---

[2] At the time of the D.C. Circuit's Order, "any motion for new trial would [have been] untimely . . . because the defendant's time for filing a motion for new trial lapsed . . . on March 27, 2012." Order at 2 n.1, ECF No. 103.

3

No. 106; and a Motion to Subpoena Documents, ECF No. 107. Those motions were transferred from the D.C. Circuit to this Court to consider in the first instance. *See* Order at 1, ECF No. 104. The defendant's motion to appoint counsel was granted and CJA counsel Elita Amato entered an appearance on the defendant's behalf in March 2013. Notice of Appearance at 1, ECF No. 110. The defendant's counsel subsequently requested six extensions of time in which to file supplemental briefing regarding the defendant's Motion for a New Trial while counsel investigated the defendant's claims regarding newly discovered evidence.[3] Specifically, the defendant alleged that his co-defendant told him in a recorded phone call that she "had to do what [she] had to do, so [she] wouldn't go to jail," and that "she had gave the defendant [Sheffield] her car for twenty minutes before the defendant[] was stop[p]ed by law enforcement." Aff. of Dante Sheffield at 3, ECF No. 105; Mem. Supp. New Trial Mot. at 2, ECF No. 105.

On February 27, 2014 and April 1, 2014, while the defendant's counsel continued her investigations, the defendant, again acting *pro se*, filed two "Supplemental Pleadings" referring to his Motion for a New Trial. *See* February 2014 Filing at 1; April 2014 Filing, at 1. The Court subsequently ordered the defendant's counsel "to include, as appropriate, any issues raised in Defendant's Sheffield's *pro se* . . . filings" in the supplemental briefing to be filed by counsel. Minute Order, May 15, 2014.

Two months later, the defendant's counsel filed a Notice to the Court that the defendant would not file any supplement to his New Trial Motion and was, instead, withdrawing that motion. Notice at 1, ECF No. 127. The same Notice stated that the defendant "does not withdraw Defendant's Pro Se Supplemental Pleadings, ECF # 123, nor his Amendment pleading,

---

[3] As part of this investigation, the defendant's counsel's Motion for Order Directing Production of Recorded Telephone Calls, ECF No. 118, was granted, which motion sought audio recordings of calls between the defendant and his co-defendant while the defendant was incarcerated. *See id*. at 1–2; Order at 1, ECF No. 119. The granting of this motion mooted the defendant's Motion to Subpoena Documents, ECF No. 107. *See* Minute Order, Sept. 13, 2013.

ECF #124," and that the defendant "continues to seek to proceed before the court on those two pleadings." *Id.* In the interest of clarity, the Court directed defense counsel to file a statement of the issues remaining for decision after the withdrawal of the New Trial Motion and an affidavit from the defendant confirming his intent to withdraw the Motion. Minute Order, July 18, 2014. The defendant filed an affidavit withdrawing the New Trial Motion in August 2014. Notice at 1, ECF No. 131.

Thus, now pending before the Court are the portions of the defendant's February 2014 and April 2014 Filings not subsequently withdrawn. In the two filings, the defendant alleges that he was provided with ineffective assistance of counsel since his trial counsel "failed to request [] a[] continuance to obtain the evidence of the marijuana butt during the" suppression hearing held on September 16, 2011, February 2014 Filing at 2, and that the government erred in some way regarding the "chain of custody" of evidence seized from the vehicle in which the defendant was riding, *see* April 2014 Filing at 1–2.[4] In his Reply, the defendant also appears to allege that the officers who arrested him lacked probable cause to stop the vehicle in which he was a passenger. *See* Def.'s Reply Gov't's Opp'n Def.'s Request for Relief Pursuant to Pleadings Docketed AAs Number[s] 123 and 124 ("Def.'s Reply") at 2–3, ECF No. 134 ("Mr. Sheffield contends that based on Det. James' statement of facts, the traffic violations happened only <u>after</u> Dets [sic] attempted to do a traffic stop.").

The defendant does not specify clearly what relief he is seeking in the February 2014 and April 2014 Filings, but since the defendant refers to Federal Rule of Criminal Procedure 33 in the April 2014 Filing, and the defendant's Reply seeks "an evidentiary hearing on the merits of

---

[4] The defendant's April 2014 Filing is largely incomprehensible, but the Court understands the defendant's submission to be a renewed challenge to the government's handling of drug evidence seized from the defendant's vehicle related to his challenge regarding the officers' statements regarding marijuana cigarette butts. *See* April 2014 Filing at 1–2.

5

this case," Def.'s Reply at 6, the Court construes the defendant's *pro se* filings as a Rule 33 Motion for a New Trial.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Trial courts enjoy broad discretion in ruling on a motion for a new trial," and "granting a new trial motion is warranted only in those limited circumstances where 'a serious miscarriage of justice may have occurred.'" *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (quoting *United States v. Rogers*, 918 F.2d 207, 213 (D.C. Cir. 1990)). A motion for new trial under Rule 33 must be filed within 14 days after the verdict, unless the motion is "grounded on newly discovered evidence," in which case the motion must be filed within three years. FED. R. CRIM. P. 33(b). "In reviewing the District Court's decision on a new trial motion, [the D.C. Circuit] appl[ies] a deferential standard, and will reverse only if the court abused its discretion or misapplied the law." *United States v. Pettiford*, 517 F.3d 584, 591 (D.C. Cir. 2008) (quoting *United States v. Lafayette*, 983 F. 2d 1102, 1105 (D.C. Cir. 1993)).

## III. DISCUSSION

The defendant generally alleges that his trial counsel was ineffective because that counsel allegedly (1) "fail[ed] to properly challenge pre-trial motion [sic] to suppress the PCP evidence seized from the search of Ms. Johnson-Dudley's car," and, more generally, that the defendant's counsel (2) "should have challenged the Court's conclusion as to [the government's] probable cause theory." Def.'s Reply at 1–2. Neither argument is persuasive.[5]

---

[5] The Court notes that the defendant's motion is most likely untimely under Federal Rule of Civil Procedure 33, since it is not based on newly discovered evidence. *See* FED. R. CRIM. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict."). The defendant's now-withdrawn motion for a new trial was filed with the D.C. Circuit more than one year after the jury

6

### A.        Defense Counsel Was Not Ineffective In Failing To Seek A Continuance

First, the defendant asserts that his counsel's failure to seek a continuance "to obtain the evidence of the marijuana butt" during the defendant's suppression hearing "was ineffective assistance of counsel." February 2014 Filing at 2.  Assuming, *arguendo*, that the defendant's counsel was ineffective for failing to seek a continuance—a conclusion far from assured—the error was harmless, thus negating any ineffective assistance of counsel claim.  *Howard v. Caufield*, 765 F.3d 1, 11 (D.C. Cir. 2014) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)).

Here, the Court did not rely upon, or even credit, the officer's alleged statement to the defendant's co-defendant regarding the presence of marijuana butts in the car's ashtray.  Instead, the Court credited the officers' independent bases that they "smelled the odor of 'fresh marijuana' coming from the vehicle," and that "the officers 'saw numerous air fresheners all over the vehicle, [which were] more than usual." *Sheffield*, 799 F. Supp. 2d at 31.  These two observations established sufficient probable cause that the officers would find contraband in the vehicle that they were justified in making their subsequent search. *Id.* (collecting cases stating "that the smell of marijuana provided officers probable cause to search a vehicle").  Since the presence or absence of any burned marijuana cigarettes in the car was not part of the Court's finding that the officers had probable cause to search the vehicle, the defendant's counsel's failure to seek a continuance to investigate further this evidence "had no effect on the judgment"

---

verdict against him. *See* Verdict Form at 1; New Trial Motion at 1.  The government's failure to raise a timeliness objection, however, renders the issue moot, since the Supreme Court has held that Rule 33's time limit is an "inflexible claim-processing rule[] that could be forfeited if not timely asserted." *Eberhart v. United States*, 546 U.S. 12, 14 (2005) (per curiam) (internal quotation marks and citation omitted).  Absent an assertion of untimeliness from the government, that ground for denying the defendant's motion has been waived. *See id.* at 14–15.

and, therefore, could not constitute ineffective assistance of counsel. *See Howard*, 765 F.3d at 11.

    **B.**  **Defense Counsel Was Not Ineffective For Failing To Challenge The Officers' Probable Cause To Stop The Vehicle In Which The Defendant Was Riding**

  The defendant's second ground for his ineffective assistance claim fares no better than the first. The defendant seizes upon a supposed inconsistency between one detective's "written statement of facts," which states that as the detectives "went to attempt to do a traffic stop on the vehicle, the driver . . . turn[ed] abruptly into the alley from a parking space . . . without a left turn signal." Def.'s Reply at 3. The defendant contends that this conflicts with the Court's finding that the driver of the vehicle in which the defendant was a passenger "made two turns without using [a] signal, in violation of traffic regulations," since "the traffic violations did not happen until they (Detectives) attempted to make a traffic stop." *Id.* The defendant argues that "Counsel should have investigated this issue further during pre-trial stages, and challenged the Court's theory as to whether the Detectives had probable cause to do a traffic stop." *Id.* at 4.

  Although ultimately unsuccessful, the defendant's counsel did challenge the officers' probable cause to stop the car in which the defendant was a passenger. *See* Def.'s Mem. Supp. Def.'s Mot. Suppress Phys. Evid. at 4, ECF No. 18. Moreover, the defendant concedes in his filing that the driver of the vehicle in which he was a passenger did commit traffic violations by failing to signal, *see* Def.'s Reply at 3 ("the traffic violations did not happen until they (Detectives) attempted to make a traffic stop"). Those violations made the traffic stop "objectively reasonable . . . even if the stop was 'a mere pretext for the search.'" *Sheffield*, 799 F. Supp. 2d at 29 (quoting *United States v. Mitchell*, 951 F.2d 1291, 1295 (D.C. Cir. 1991)). In short, assuming that the defendant's counsel was ineffective for not raising a more strenuous challenge to the officers' probable cause explanation—again, a conclusion far from certain—

such error would not have affected the judgment. Since the defendant appears to concede that the driver of the vehicle committed a traffic infraction sufficient to warrant a traffic stop, whether the officers had a subjective intent stop the vehicle when they began following it is immaterial. *See Mitchell*, 951 F.2d at 1295 (finding that where "objective circumstances clearly justified stopping the car," evidence of the officers' motivations for stop did not make stop unreasonable). Thus, any additional challenge from the defendant's counsel would have been unsuccessful, making any purported failure too thin a reed to support an ineffective assistance of counsel claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court construes the defendant's "Supplemental Pleadings," ECF No. 123, and his Amendment, ECF No. 124, as a Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33, and denies the motion.

An Order consistent with this Memorandum Opinion will issue contemporaneously.

Date: December 23, 2014

_____
BERYL A. HOWELL
United States District Judge